IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | | |
|---|---|---|
| PROGRESSIVE HAWAII INSURANCE COMPANY, | ) ) ) | |
| | ) | Case No. 3:17-cv-00508 |
| Plaintiff, | ) ) | |
| v. | ) ) | Jury Trial Demanded. |
| GERALD D. CURETON, et al., | ) ) | |
| Defendants. | ) | |

### DEFENDANT TEMPLE BAPTIST CHURCH OF POWELL, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO FOR LEAVE TO ANSWER AND RESPONSE OPPOSING PLAINTIFF'S MOTION TO STRIKE ANSWER

Defendant Temple Baptist Church of Powell, Inc. ("Temple Baptist") submits the following Reply Brief in Support of its Motion for Leave to Answer and Response Opposing Plaintiff Progressive Hawaii Insurance Company's ("Progressive") Motion to Strike Answer; and in support thereof, states as follows:

Since receiving the Clerk's Entry of Default, Temple Baptist has moved to set aside the Clerk's entry of default (Doc. 49); opposed Progressive's motion for default judgment (Doc. 48); submitted its corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 (Doc. 52); and moved for leave to answer (Doc. 53), submitting a proposed answer as an exhibit to said motion (Doc. 53-1). Temple Baptist has made its best efforts to correct the entry of default and promptly submit its necessary pleadings.[1]

More importantly, Progressive would obtain no benefit even if the entry of default were not set aside, as Temple Baptist is simply a necessary party to this lawsuit, submitting an answer

---

[1] Progressive earlier criticized Temple Baptist for not submitting an answer in Progressive's response opposing Temple Baptist's motion to set aside the entry of default (Doc. 51, ¶ 5), but now moves to strike Temple Baptist's proposed answer.

that mirrors those of the other defendants to this litigation. Regardless, Progressive will be required to proceed with litigating the insurance coverage issues raised in its complaint for declaratory judgment with the other defendants, including defending against the Defendant Gerald Cureton's counterclaim. (Doc. 27). Vacating the Clerk's entry of default for the good cause shown in Temple Baptist's motion to set aside same and reply in support will not alter the course of the present litigation.

Moreover, as Progressive itself states in its motion, a party seeking to set aside a Clerk's entry of default under Rule 55(c) may show it has a meritorious defense simply by asserting a defense that is "good at law." *Allstate Fire and Cas. Ins. Co. v. Novosad,* 2016 WL 5430191, at *2 (E.D.Mich. Sept. 29, 2016). A defendant's statement that it lacks knowledge or information to respond to an allegation and therefore denies that allegation is a meritorious defense expressly allowed under the Federal Rules of Civil Procedure. *See* FED. R. CIV. PRO. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."). Temple Baptist has submitted a proposed answer sufficient to satisfy this lenient requirement under Rule 55(c), discussed in more detail in Temple Baptist's reply supporting its motion to set aside the entry of default. (Doc. 55).

Finally, Progressive states that Temple Baptist has failed to offer "any explanation" as to why it failed to timely respond to its complaint. (Doc. 54, p. 2). Temple Baptist explained to this Court and to Progressive why it did not timely plead in its motion seeking to set aside the Clerk's entry of default. (Docs. 49, 49-1). Temple Baptist has explained that its failure to timely respond was inadvertent and not due to any willful intent and now seeks leave to correct the entry of default to proceed with litigation on the merits. (Docs. 49, 41-1, 55).

For these reasons and the reasons set forth in Temple Baptist's briefing on its Motion to Set Aside the Clerk's Entry of Default (Docs. 49, 55), Temple Baptist respectfully requests that this Court grant it leave to file answer and deny Progressive's motion to strike Temple Baptist's answer, as that answer was submitted merely as an exhibit to its motion for leave to file same.

Dated: April 3, 2018

       **s/DAVID A. CHAPMAN**
David A. Chapman, BPR #026238
Adam F. Rust, BPR #27507
Leitner, Williams, Dooley & Napolitan, PLLC
900 South Gay Street
Suite 1800 – Riverview Tower
Knoxville, TN 37902
Tel: (865) 523-0404
Fax: (865) 673-0260
david.chapman@leitnerfirm.com

**ATTORNEY FOR TEMPLE BAPTIST CHURCH OF POWELL, INC.**

## CERTIFICATE OF SERVICE

I, **DAVID A. CHAPMAN**, do hereby certify that the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this filing through the Court's electronic filing system.

*Attorney for Plaintiff:*
Terrill Adkins
Trammell, Adkins & Ward, P.C.
P.O. Box 51450
Knoxville, TN 37950
(865) 330-2577
terryadkins@tawpc.com

*Attorney for Gerald Cureton*
Daniel J Ripper
Luther-Anderson, PLLP
100 W. Martin Luther King Boulevard
One Union Square, Suite 700
Chattanooga, TN 37402
423-756-5034
dan@lutheranderson.com

*Attorney for John Cureton*
Douglas R. Bergeron
Clint J Woodfin
Spicer Rudstrom, PLLC (Knox)
800 South Gay Street
Suite 1400
Knoxville, TN 37929
865-673-8516
cjw@spicerfirm.com

Darryl Fersner d/b/a Fersner Plumbing Co.
7709 Belle Stanley Road
Powell, TN 37849

*Attorney for Arminda and Ryan Carter*
Brad Burnette
Fox & Farley
310 North Main Street
Clinton, TN 37716

*Attorneys for Brotherhood Mutual Insurance Company*
Samuel W. Rutherford
Kennerly, Montgomery & Finley, P.C.
550 Main St., Bank of America Center
4th Floor
Knoxville, TN 37902
865-546-7311
srutherford@kmfpc.com

AND

Toby R. Carpenter
Kennerly, Montgomery & Finley, P.C.
550 Main St., Bank of America Center
4th Floor
Knoxville, TN 37902
865-546-7311
tcarpenter@kmfpc.com

This the 3rd day of April, 2018.

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

**BY: __s/David A. Chapman_____**